Mr. Chief Justice Shaukey
delivered the following opinion.
R. M. Johnson authorized B. F. Johnson to purchase for him a particular parcel of land, being part of section thirty-two in township nine, range four, west, which was about to be sold under a decree of the chancery court, for default of payment by a purchaser from the .state, it being part of the seminary lands. The agent did not buy the land he was authorized to purchase, but bid off and purchased, in the name of his principal, part of section thirty-one. He borrowed money in the name of his prin-pal, to make the cash payment required by the terms of the sale, and in his name, also, executed bonds to the state for the remaining two thirds of the purchase money.
So soon as R. M. Johnson was informed of what had been done, he disaffirmed the contract of the agent, and filed a petition in the chancery court to prevent the confirmation of the sale, and the chancellor thereupon set it, aside, and ordered the bonds to be delivered up, and also that the land should be resold according to the terms of the original decree. Governor Brown, some time afterwards, filed a petition that the order of rescission should be set aside, which was refused, and thereupon an appeal was prayed, which professes to be an appeal from *403 the original order. As counsel have filed a written agreement that the merits of the case only shall be considered, we pass over objections that might arise to the regularity of the proceedings.
The case was decided at last January term, but a re-argument was granted. It was tpen decided that the sale was void, because the agent had exceeded his authority. This is undoubtedly so. The authority in this instance was particular or special, and required to be strictly pursued. If the agent vary from an authority of this description, his act is void as to his principal. Paley on Agency, 150. The agent had no authority whatever to purchase any part of section thirty-one, and the principal was entitled to have his bonds delivered up. But the important question is, had he also a right to have the money refunded. If the contract was absolutely void as to him, and it was his money, this would seem to follow as a necessary consequence, even if the contract should be valid as to the agent. If the money is not to be refunded, then the contract is only void in part. This is a matter in which the state is concerned, but this does not vary the principle. Is the state to say to Johnson, true, your agent exceeded his authority, and this was known to the officers, and the contract was void, but you must look to your agent for your money 1 The agent states that he borrowed the money in the name of his- principal. The validity of that transaction is not now involved. It may be that it was borrowed under ample authority for that purpose. It was a different contract with a different person. We cannot decide that the agent exceeded his authority in that particular also, for that would be to prejudge the rights of the lender, who is not before us. For all the purposes of this investigation, we are to regard R. M. Johnson as legally bound for the payment of the borrowed money; he claims it. as his money, and the agent says it was his. The circumstance of borrowing can make no change in the principle which must govern the case. It must stand precisely as though R. M. Johnson had taken the money from his pocket, and placed it in possession of his agent for the particular purpose.
*404 It is important to be kept in mind, that the seller of this land contracted with B. F. Johnson as agent. He bid as agent, and gave the bonds as agent, and made payment as agent. It was impossible for the officer who took the bonds to be ignorant of the agency, and it was therefore incumbent on him to examine the extent of the authority, and to know that the agent was not exceeding it.
Then if it be true, that this contract was void, and the money paid by the agent belonged to R. M. Johnson, which fact was known to the seller, it would seem that he should be allowed to recover it back. It was a misapplication of the money with the knowledge of the party who received it. If an agent misapplies the money of his principal, it is a fraud upon him, and if this be known to the party who receives'it, he too is a participant in the breach of faith, and cannot hold the money. There are maily cases enumerated, in which it is said the principal may recover back money paid by his agent. He may do so where the contract has been rescinded. Story on Agency, 435; Smith’s Mercantile Law, 75, 76. He may recover property, or even follow the proceeds of property improperly sold by his agent. Story on Agency, § 224, 229; 3 Maulé & Selw. 562. An abuse of trust does not confer any privilege on the party who has abused it, nor does it confer rights on those who claim in privity with him. That is the case here; the agent abused the trust ■ by applying money differently from the directions of his principal, and this misapplication was known. See Dunlap’s Paley, 335, et seq. (note G.) This contract has been rescinded, and therefore seems to fall within the very language of Judge Story above cited. The effect of a rescission is to place the-parties as they stood before the contract was made. The principles above referred to apply in courts of law; courts' of equity, it is said, go further in applying them. Story on Agency, § 230. This is a case in equity, and the application is made to set aside; a judicial sale, before that sale was confirmed; it was still incomplete at the time the application was made, when it was competent for the court to render justice to all parties, by putting an end to the sale before it was consummated.
*405 As to R. M. Johnson, then, the sale must be set aside, and the actual amount of money paid refunded. But as to B. F. Johnson, the sale was not void. An agent who exceeds his authority in making a purchase is himself liable. But the opposite party should have the discretion either to affirm, or rescind for nonperformance of the conditions of the sale; and the election can be made in the court below.
Decree reversed and cause remanded.